UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY MARIE ALLEN,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 10-10862
　　　　　　　　　　　　　　　　　　　　　　　　　Honorable Julian Abele Cook, Jr.
COMMISSIONER OF
SOCIAL SECURITY

        Defendant.

ORDER

This case involves a complaint by the Plaintiff, Kelly Marie Allen, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to overturn an adverse decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). Thereafter, the parties have filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56, both of which were forwarded by the Court to Magistrate Judge Laurie J. Michelson for her evaluation. In a report on April 20, 2011, she recommended to this Court that it (1) grant the Commissioner's motion for summary judgment, and (2) deny Allen's dispositive motion. As of this date, neither party has expressed any objections to the magistrate judge's report.

    For the reasons that have been set forth below, this Court adopts the report, including the recommendations of Magistrate Judge Michelson, in its entirety.

I.

Allen is a twenty-four-year-old woman with a high school education who is currently working toward a bachelors degree in graphic design at the Saginaw Valley State University in Michigan. She has no past relevant work experience. On October 10, 2006, Allen initiated proceedings with the Social Security Administration, seeking to obtain disability and supplemental security income benefits on the basis of the disabling seizures that she has experienced since January 1, 2000.

After her application was denied at the administrative level, Allen sought and obtained a *de novo* hearing before an administrative law judge who, on June 20, 2009, determined that she was not under a disability within the meaning of the Social Security Act. It was his conclusion that, although Allen suffered from the severe impairment of seizures, she did not have an impairment or a combination of impairments that met or equaled the "Listing of Impairments." He also determined that she had the residual functional capacity to perform light work which would not expose her to hazards in her work environment, such as those associated with heights, dangerous machinery, or driving. Finally and based upon the testimony of a vocational expert, the administrative law judge concluded that, given these restrictions as well as Allen's age, education, and work experience, she would be able to perform a significant number of jobs that are available in the national economy. Thus, the administrative law judge concluded that she was not suffering from a disability which is compensable under the Social Security Act. This decision became the final decision of the Commissioner on December 30, 2009, when the Appeals Council denied Allen's request for a review. This lawsuit followed.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) the correct legal standards were applied.

42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

### III.

In her appeal, Allen urges the Court to conclude that the decision by the administrative law judge was erroneous because the vocational expert's opinion had been elicited in response to a purportedly inaccurate hypothetical question. "A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments." *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). When forming a hypothetical question, the administrative law judge "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Moreover, a finding relating to a question of credibility must be based upon the entire case record, and must be "sufficiently specific to make clear to the individual and any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. Finally, "[s]ince the [administrative law judge] has the opportunity to observe the demeanor

of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey*, 987 F.2d at 1234 (citation and internal quotation marks omitted); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Turning to the case which is now before this Court, the record indicates that the administrative law judge posed the following hypothetical question to the vocational expert:

> I'd ask you to consider an individual of the claimant's age and education; who has no relevant work history; who's able to perform work at the light exertional level that consists of no more than simple, routine, repetitious tasks with one- or two-step instructions; and that does not expose the worker to hazards, including heights, dangerous machinery, or driving. Would there be any unskilled entry-level occupations that a person with this profile could perform?

(Tr. 60-61).

Allen alleges that the administrative law judge failed to take into account her own testimony and that of her family members when forming this hypothetical question. During the hearing, Allen testified that she experiences between one and four seizures each week, and that, about once a month, she will experience up to six seizures in one day, leaving her feeling sick and unable to attend her classes. Allen also submitted letters written by her (1) mother, who attested that her daughter experiences seizures approximately three or four times per month, (2) brother, who stated that his sister averages approximately two or three seizures within a two-week period, and (3) grandmother, who wrote that the seizures left her granddaughter feeling tired and depressed. (Tr. 170-72).

The administrative law judge determined, upon review of the entire record, that Allen's "medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." (Tr. 18). As required by SSR 96-7p, he gave the following specific

reasons for discounting her testimony: (1) her medical treatment records did not verify that she suffered seizures at the claimed frequency; and (2) the objective medical evidence did not substantiate Allen's claims regarding the limiting effects of her symptoms. According to the records of her treating physicians, Allen underwent a craniectomy procedure in August 2005, and, in October of that year, reported that she had not had any seizures since that time. In June 2006 - the last date for which she provided medical records - Allen asserted that, since the craniectomy, she had only experienced seizures in November 2005 and February 2006. Moreover and as detailed in Magistrate Judge Michelson's report, the administrative law judge also found that Allen's reported activities of daily life were inconsistent with her testimony. The administrative law judge discounted her family member's letters for similar reasons; namely, (1) they were neither corroborated nor substantiated by any objective medical evidence (although the letters were written in 2009, the most recent treatment records bore dates back to 2006), and (2) their attestations were generally inconsistent with Allen's achievements and activities.

After considering and evaluating the reliability of all the relevant evidence, the administrative law judge made a specific finding that Allen's claims and the statements of her family members were not credible. In light of the substantial objective medical evidence which, in his opinion, was inconsistent with Allen's claims regarding the frequency and intensity of her symptoms, he properly excluded this evidence in forming the now-challenged hypothetical question that was posed by him to the vocational examiner. *See  Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994) ("[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals . . . ."); *Casey*, 987 F.2d at 1235.

Therefore, the determination by the administrative law judge that Allen could perform a significant number of jobs based on the vocational expert's response to the hypothetical question

is supported by substantial evidence.  Thus, her argument to the contrary must be rejected.

IV.

For the reasons that have been outlined above, the Court adopts the Report of Magistrate Judge Michelson. Accordingly, (1) the Commissioner's motion for summary judgment is granted, and (2) Allen's motion for summary judgment is denied.

IT IS SO ORDERED.

Date: August 30, 2011                                            S/Julian Abele Cook, Jr.
                                                                 JULIAN ABELE COOK, JR.
                                                                 U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 30, 2011

                                                                 S/ Kay Doaks
                                                                 Case Manager